**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID BRINSON,<br><br>                            Plaintiff,<br>  vs.<br><br>E. MARRERO, et al.,<br><br>                           Defendants. | CASE NO. 10-cv-1332-H-WMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

On June 23, 2010, Plaintiff David Brinson ("Plaintiff"), filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) On October 27, 2010, Defendants Marrero, Pederson, McBride, Cortez, Huffman, Smith, Contreras, Brown, Morris, Newman, Kabban-Miller, Suglich, Franklin, Allen, Grannis, Manuel, Foston, and Savala ("Defendants") filed a motion to dismiss Plaintiff's complaint. (Doc. No. 11.) On November 10, 2010, the Court vacated a motion hearing scheduled for November 29, 2010 and directed Plaintiff to file a response in opposition to Defendants' motion to dismiss. (Doc. No. 28.) On November 17, 2010, the Court, sua sponte, granted an extension and ordered Plaintiff to respond to Defendants' motion to dismiss. (Doc. No. 29.) On two separate occasions, the Court granted Plaintiff's motion for extension of time to respond to Defendants' motion to dismiss. (Doc. Nos. 31, 40.) The Court noted that it was disinclined to issue any further extensions absent

good cause shown. (Doc. No. 40.) For the following reasons, the Court GRANTS Defendants' motion to dismiss.

## BACKGROUND

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against members of the Institution Classification Committee at R.J. Donovan, directors of the State of California, and a correctional officer. (Doc. No. 1, Compl. ¶¶ 4, 5, 6.) Plaintiff challenges his placement in an administrative segregation unit on December 31, 2008, January 28, 2009, February 11, 2009, March 25, 2009, June 24, 2009, and August 19, 2009. (Compl. ¶ 8.) Plaintiff alleges Fourteenth Amendment due process violations and Plaintiff alleges an Eighth Amendment violation for cruel and unusual punishment. (Id. ¶ 33, 34, 35.)

## DISCUSSION

**I. Legal Standard**

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Lazy Y. Ranch v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 554. A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–36 (3d ed. 2004)).

Generally, the allegations in the complaint are accepted as true and construed in the light most favorable to the plaintiff. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, conclusory allegations of law and unwarranted inferences are

1 insufficient to defeat a motion to dismiss for failure to state a claim. Epstein v. Wash. Energy
2 Co., 83 F.3d 1136, 1140 (9th Cir.1996); see Twombly, 550 U.S. at 557.

3      In addition, factual allegations asserted by pro se petitioners, "however inartfully
4 pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers."
5 Haines v. Kerner, 404 U.S. 519, 520 (1972). Thus, where a plaintiff appears in propria persona
6 in a civil rights case, the Court must construe the pleadings liberally and afford plaintiff any
7 benefit of the doubt. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir.
8 1988). Nevertheless, it is not proper for the court to assume that "the [plaintiff] can prove facts
9 which [he or she] has not alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State
10 Council of Carpenters, 459 U.S. 519, 526 (1983).

11 **II. Fourteenth Amendment Due Process Claim**

12      Plaintiff argues that he has a liberty interest to be free from administrative segregation.
13 (Compl. ¶ 9.) Plaintiff argues that Defendants denied him procedural protections guaranteed
14 by his liberty interest in violation of the Fourteenth Amendment's Due Process Clause.
15 (Compl. ¶¶ 34, 35).

16      "The requirements of procedural due process apply only to the deprivation of interests
17 encompassed by the Fourteenth Amendment's protection of liberty and property." Bd. of
18 Regents v. Roth, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant
19 prisoners liberty interests sufficient to invoke due process protections. Meachum v. Fano, 427
20 U.S. 215, 223–27 (1976). However, the Supreme Court has significantly limited the instances
21 in which due process can be invoked. A prisoner can show a liberty interest under the Due
22 Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that
23 imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison
24 life." Sandin v. Conner, 515 U.S. 472, 484 (1995); see Neal v. Shimoda, 131 F.3d 818, 827–28
25 (9th Cir. 1997).

26      Placement in administrative segregation is not the "type of atypical, significant
27 deprivation [that] might conceivably create a liberty interest." Sandin, 515 U.S. at 486.
28 Housing an inmate in "less amenable and more restrictive quarters for nonpunitive reasons is

1  well within the terms of confinement ordinarily contemplated by a prison sentence." Hewitt
2  v. Helms, 459 U.S. 460, 468 (1983).  Furthermore, discipline and management by prison
3  officials falls within the expected parameters of a prison sentence. Sandin, 515 U.S. at 482.
4  Federal courts should afford appropriate deference to state officials trying to manage a volatile
5  environment. Id. at 482.  Federal courts lack power to interfere with prison officials' decisions
6  absent constitutional violations. Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).  If the
7  prison officials' actions do not violate the Constitution, courts ought to defer to their
8  judgments.

9  There is no constitutional right to a specific prison administrative appeal or grievance
10  proceeding. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).  Additionally, prisoners
11  do not have a liberty interest in presenting witnesses at segregation hearings because there is
12  no constitutional foundation. See Roth, 408 U.S. at 569.

13  Plaintiff's placement in administrative segregation does not support a Fourteenth
14  Amendment claim because Plaintiff does not show an atypical deprivation that creates a liberty
15  interest.  It is not atypical for prison officials to place inmates in less amenable quarters to
16  discipline or manage their behavior.  The Defendants had valid, correctional reasons for
17  placing Plaintiff in an administrative segregation unit.  Plaintiff states that he was retained for
18  an alleged staff assault and enemy concerns. (Compl. ¶¶ 23, 25, 26, 28, 29.)  Plaintiff also
19  admits that he suffered chronic depression and attempted suicide. (Compl. ¶¶ 19, 21, 22.)
20  Because Defendants had legitimate reasons for Plaintiff's placement in administrative
21  segregation, the Court will defer to their decisions and not interfere with the day-to-day
22  management of the prison.  Plaintiff also does not have a liberty interest in a specific
23  administrative appeal. Ramirez, 334 F.3d at 860.  Accordingly, the Court GRANTS
24  Defendants' motion to dismiss Plaintiff's Fourteenth Amendment due process claim.

25  **III. Eighth Amendment Claim**

26  Plaintiff alleges Defendants subjected him to cruel and unusual punishment while he
27  was housed in an administrative segregation unit because he suffered mental anguish. (Compl.
28  ¶ 33.) Plaintiff alleges he was kept in an administrative segregation unit for twenty-three hours

1  per day, limited to two showers per week, denied exercise, yard time, work, school, good time
2  credits and other privileges. (Compl. ¶ 20.)

3  To assert an Eighth Amendment claim, Plaintiff must satisfy two requirements: one
4  objective and one subjective. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994); <u>Allen v. Sakai</u>,
5  48 F.3d 1082, 1087 (9th Cir. 1994). Under the objective requirement, the prison official's acts
6  or omissions must deprive an inmate of the "minimal civilized measure of life's necessities."
7  <u>Farmer</u>, 511 U.S. at 834 (quoting <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981)). Prison
8  officials must provide inmates with "adequate food, clothing, shelter, sanitation, medical care
9  and personal safety." <u>Hoptowit</u>, 682 F.2d at 1246 (quoting <u>Wright v. Rushen</u>, 642 F.2d 1129,
10 1132-33 (9th Cir. 1981)). A prohibition of outdoor exercise for a continuous period of time
11 may amount to a serious deprivation for Eighth Amendment purposes. <u>Lemair v. Mass</u>, 12
12 F.3d 144, 1457-58 (9th Cir. 1993); <u>Spain v. Procunier</u>, 600 F.2d 189, 199 (9th Cir. 1979)
13 ("There is substantial agreement among the cases in this area that some form of regular outdoor
14 exercise is extremely important to the psychological and physical well being of the inmates.").
15 Prisoners also have a right to sanitation and personal hygiene products. <u>See</u> <u>Hoptowit</u>, 682
16 F.2d at 1246; <u>Keenan</u>, 83 F.3d at 1091. When considering the conditions of confinement, the
17 court should consider the amount of time to which the prisoner was subjected to the condition.
18 <u>See</u> <u>Hutto v. Finney</u>, 437 U.S. 678, 686-87 (1978) ("[T]he length of confinement cannot be
19 ignored in deciding whether the confinement meets constitutional standards."); <u>Hayward v.</u>
20 <u>Procunier</u>, 629 F.2d 599, 603 (9th Cir. 1980) (upholding a short-term denial of exercise);
21 <u>Hearns v. Terhune</u>, 413 F.3d 1036, 1042 (9th Cir. 2005). The subjective requirement, relating
22 to the defendants' state of mind, requires defendants knew of and ignored a substantial risk of
23 serious harm. <u>Farmer</u>, 511 U.S. at 837.

24 Plaintiff fails to state an Eighth Amendment claim for inhumane conditions of
25 confinement because he fails to allege sufficient facts to satisfy the objective and subjective
26 requirements. Regarding the objective requirement, Plaintiff does not allege he suffered
27 substantial harm. Plaintiff does not specify how long he was subjected to harsh conditions.
28 The Court cannot determine whether prison conditions caused substantial harm and violate the

1  Eight Amendment without this information. See Hutto, 437 U.S. at 686-87. Harsh conditions
2  may be tolerable for a few days but intolerable for extended periods of time. Regarding the
3  subjective requirement, Plaintiff does not allege that any Defendant knew of or disregarded any
4  of the harms of which Plaintiff complains. Because Plaintiff failed to meet the objective and
5  subjective requirements, he does not state an Eighth Amendment claim for inhumane
6  conditions of confinement. Accordingly, the Court GRANTS the Defendants' motion to
7  dismiss Plaintiff's Eighth Amendment claim for cruel and unusual punishment.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss Plaintiff's Fourteenth Amendment claim and GRANTS Defendants' motion to dismiss Plaintiff's Eighth Amendment claim. The Court GRANTS Plaintiff thirty days from the date of this order to file an amended complaint to state a claim for relief.

**IT IS SO ORDERED**

DATED: March 18, 2011

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT